Julie M. Rhodes (016313)
Michael R. Niederbaumer (031931)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612 – JR
Telephone: (602) 542-8346 – MN
Fax: (602) 542-3393
DefensePhx@azag.gov
Julie.Rhodes@azag.gov
Michael.Niederbaumer@azag.gov

*Attorneys for Patchin*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bianca Jimenez-Bencebi, an individual; Jiaro Abrego Zavaleta, an individual; L.J, a minor, through his parent and guardian, Bianca Jimenez-Bencebi; K.J., a minor, through his parent and guardian, Bianca Jimenez-Bencebi; K.A.J, a minor, through her parent and guardian Bianca Jimenez-Bencebi; and J.A.J., a minor, through his parent and guardian Bianca Jimenez-Bencebi, <br><br> Plaintiffs, <br><br> vs. <br><br> State of Arizona, a government entity; Carin Patchin, individually and as an employee with the State of Arizona Department of Child Safety; Tracey Del Fiacco, individually and as an employee with the State of Arizona Department of Child Safety; Amanda Davisson, individually and an employee with the State of Arizona Department of Child Safety; Michael Faust, as Director, Arizona Department of Child Safety; and Gregory McKay, as Former Director, Arizona Department of Child Safety, <br><br> Defendants. | Case No: 2:23-cv-02075-DWL <br><br><br> **PATCHIN'S ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants State of Arizona, Carin Patchin, Tracy Del Fiacco, Amanda Davisson, Michael Faust and Gregory McKay are collectively identified as ("Patchin").[1] However, for purposes of this Answer to the Second Amended Complaint ("SAC") filed by Plaintiffs (n. 1), the only remaining State Defendant is Defendant Patchin ("Patchin") and on her behalf, she hereby admits, denies and alleges as follows:

## JURISDICTION AND VENUE

1. Patchin admits ¶ 1.

2. Patchin denies ¶ 2.

3. Patchin admits ¶ 3.

4. Patchin admits ¶ 4.

5. Patchin admits that venue lies in this Court, but denies that A.R.S. §12-123 is the controlling statute in ¶ 5.

6. Patchin admits ¶ 6.

## THE PARTIES

7. Patchin denies ¶ 7 because Bianca Jimenez-Bencebi was dismissed as a party (n.1.)

---

[1] This Court granted in part and denied in part Patchin's Motion to Dismiss the Second Amended Complaint (Doc. 34.) A prior Motion to Dismiss had been granted in part and denied in part. (Doc. 17.) A comparison of the rulings in both cases leaves the following allegations and parties intact. Count One regarding State Defendant Patchin's alleged wrongful removal of K.A.J. and J.A.J. and Count Two regarding State Defendant Patchin's alleged misrepresentations regarding K.A.J.

Counts Three, Four, Five and Ten have been fully dismissed regarding all Patchin and all Plaintiffs. Patchin Faust and McKay have been dismissed from Counts Six, Eight, and Thirteen. All claims by Plaintiffs Bianca Jimenez-Bencebi and Jiaro Abrego Zavaleta have been dismissed due to barred statute of limitations, expired notice of claim deadlines, or failure to state a claim. L.J. was dismissed as a party.

The remaining state claims, Counts Six, Seven, Eight, Nine, Eleven, Twelve, and Thirteen were dismissed without prejudice as to the minors K.J., K.A.J., and J.A.J. In sum, State Defendant Patchin is only answering limited allegations contained in Counts One and Two.

8.    Patchin denies ¶ 8 because Jiaro Abrego-Zavaleta was dismissed as a party (n. 1.)

9.    Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 9 regarding residency of L.J. and therefore denies same. Patchin denies the remaining allegations because L.J. was dismissed as a party.

10.    Patchin admits ¶ 10.

11.    Patchin admits ¶ 11.

12.    Patchin admits ¶ 12.

13.    Patchin denies ¶ 13.

14.    Patchin admits ¶ 14.

15.    Patchin denies ¶ 15 because Tracey Del Fiacco was dismissed as a party (n. 1.)

16.    Patchin denies ¶ 16 because Amanda Davisson was dismissed as a party (n. 1.)

17.    Patchin denies ¶ 17 because Michael Faust was dismissed as a party (n.1.)

18.    Patchin denies ¶ 18 because Gregory McKay was dismissed as a party (n. 1.)

19.    Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 19 and therefore denies same.

20.    Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 20 and therefore denies same.

**FACTUAL ALLEGATIONS**

21.    Patchin admits ¶ 21.

22.    Patchin admits ¶ 22.

23.    Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 23 and therefore denies same.

///

///

**A.** **Alleged While Living in Missouri, Bianca Conceived a Child by Rape.**

24.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 24 and therefore denies same.

25.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 25 and therefore denies same.

26.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 26 and therefore denies same.

27.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 27 and therefore denies same.

28.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 28 and therefore denies same.

29.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 29 and therefore denies same.

30.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 30 and therefore denies same.

31.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 31 and therefore denies same.

32.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 32 and therefore denies same.

**B.** **Alleged Bianca Moves to Arizona.**

33.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 33 and therefore denies same.

34.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 34 and therefore denies same.

35.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 35 and therefore denies same.

36.     Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 36 and therefore denies same.

37.    Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 37 and therefore denies same.

38.    Patchin denies ¶ 38.

## II.    ALLEGED PROCEDURAL HISTORY

39.    Patchin denies ¶ 39(a, b, f, g, h, i, j, m, n, p, q) and admits ¶ 39(c, d, e, k, l, o).

40.    Patchin denies ¶ 40.

41.    Patchin denies ¶ 41.

42.    Patchin denies ¶ 42.

43.    Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 43 and therefore denies same.

44.    Patchin admits ¶ 44.

45.    Patchin denies ¶ 45.

46.    Patchin denies ¶ 46.

47.    Patchin denies ¶ 47.

48.    Patchin denies ¶ 48.

49.    Patchin denies ¶ 49.

50.    Patchin denies ¶ 50.

## III.    ALLEGED UNLAWFUL SEIZURE AND DETENTION OF K.J. AND J.M.J.

### A.    Alleged DCS Removes K.J. and J.M.J. on September 14, 2018.

51.    Patchin denies ¶ 51(a, b, c, d, e, f).

52.    Patchin denies ¶ 52.

53.    Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 53 and therefore denies same.

54.    Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 54 and therefore denies same.

55.    Patchin admits ¶ 55.

56. Patchin denies ¶ 56.

57. Patchin denies ¶ 57.

**B.      Alleged J.M.J. is Admitted to PCH and Released to His "Adoptive" Parents**.

58. Patchin admits ¶ 58.

59. Patchin denies ¶ 59.

60. Patchin denies ¶ 60.

61. Patchin denies ¶ 61.

**C.      Alleged J.M.J.'s Medical Records Show He Had an Organic Feeding Issue.**

62. Patchin denies ¶ 62.

63. Patchin denies ¶ 63.

64. Patchin denies ¶ 64.

65. Patchin denies ¶ 65.

**D.      Alleged DCS Petitions to Terminate Bianca's Parental Right to K.J. and J.M.J.**

66. Patchin admits ¶ 66.

67. Patchin denies ¶ 67(a, b, c, d, e, f, g).

68. Patchin denies ¶ 68.

69. Patchin denies ¶ 69.

70. Patchin denies ¶ 70.

71. Patchin denies ¶ 71(a, b, c, d, e, f, g).

72. Patchin denies ¶ 72.

73. Patchin denies ¶ 73.

**IV.    ALLEGED UNLAWFUL SEIZURE AND DETENTION OF K.A.J. AND J.A.J.**

**A.      <u>The Alleged DCS False Narrative Continues</u>**.

74. Patchin denies ¶ 74.

75. Patchin denies ¶ 75.

76. Patchin denies ¶ 76.

77. Patchin denies ¶ 77(a, b, c, d).

78. Patchin denies ¶ 78.

79. Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 79 and therefore denies same.

80. Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 80 and therefore denies same.

81. Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 81 and therefore denies same.

82. Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 82 and therefore denies same.

83. Patchin denies ¶ 83.

84. Patchin denies ¶ 84.

85. Patchin denies ¶ 85.

86. Patchin denies ¶ 86.

**B.**    **Alleged Bianca Does Not Hate Boys, Despite DCS's Allegations Otherwise.**

87. Patchin denies ¶ 87.

88. Patchin denies ¶ 88.

89. Patchin is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 89 and therefore denies same.

90. Patchin denies ¶ 90.

91. Patchin denies ¶ 91.

92. Patchin denies ¶ 92.

**C.**    **Alleged Patchin's Malice and Animus towards Bianca is Manifest and Davisson Failed to Intervene to Excise that Cancer.**

93. Patchin denies ¶ 93.

1    94.    Patchin denies ¶ 94.

2    95.    Patchin denies ¶ 95.

3    96.    Patchin denies ¶ 96.

4    97.    Patchin is without information or knowledge sufficient to form a belief as

5 to the truth of the allegations in ¶ 97 and therefore denies same.

6    98.    Patchin  denies ¶ 98.

7    99.    Patchin  denies ¶ 99.

8    **D.**    **<u>Alleged Caseworker Del Fiacco Replaces Caseworker Patchin.</u>**

9    100.    Patchin admits ¶ 100.

10    101.    Patchin denies ¶ 101.

11    102.    Patchin denies ¶ 102.

12    103.    Patchin denies ¶ 103.

13    104.    Patchin denies ¶ 104.

14    105.    Patchin denies ¶ 105.

15    106.    Patchin denies ¶ 106.

16    107.    Patchin denies ¶ 107.

17    108.    Patchin is without information or knowledge sufficient to form a belief as

18 to the truth of the allegations in ¶ 108 and therefore denies same.

19    109.    Patchin is without information or knowledge sufficient to form a belief as

20 to the truth of the allegations in ¶ 109 and therefore denies same.

21    110.    Patchin is without information or knowledge sufficient to form a belief as

22 to the truth of the allegations in ¶ 110 and therefore denies same.

23    111.    Patchin denies ¶ 111.

24    112.    Patchin denies ¶ 112.

25    113.    Patchin is without information or knowledge sufficient to form a belief as

26 to the truth of the allegations in ¶ 113 and therefore denies same.

27    **V.**    **THE ALLEGED SECOND SEVERANCE TRIAL ENDS IN MAY 2022**.

28    114.    Patchin denies ¶ 114.

115.    Patchin denies ¶ 115.

116.    Patchin denies ¶ 116.

117.    Patchin denies ¶ 117.

**A.    Alleged Defendants Knew or Should Have Known of Plaintiffs' (n. 1) Legal Rights.**

118.    The allegations in ¶ 118 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

119.    The allegations in ¶ 119 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

120.    The allegations in ¶ 120 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin she denies the allegations.

121.    The allegations in ¶ 121 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

122.    The allegations in ¶ 122 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

123.    The allegations in ¶ 123 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

124.    The allegations in ¶ 124 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

125.    The allegations in ¶ 125 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

126.    The allegations in ¶ 126 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

127.    The allegations in ¶ 127 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

128.    The allegations in ¶ 128 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

129.    The allegations in ¶ 129 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

130.    The allegations in ¶ 130 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

## CLAIMS

## <u>CLAIM ONE- UNLAWFUL SEIZURE AND DETENTION</u>

**(Under 42 U.S.C. § 1983, Defendants Patchin, Del Fiacco, and Davisson are liable for violating Plaintiffs L.J., K.J., J.M.J., K.A.J., and J.A.J.'s Right to Freedom of Association under the First Amendment and Due Process Clause under the Fourteenth and Fourth Amendments to the U.S. Constitution for unlawfully seizing and detaining K.J., J.M.J., K.A.J., and J.A.J.)**

131.    Patchin incorporates by reference all admissions, denials, objections or affirmative allegations of the preceding paragraphs, and further answers the plaintiffs' SAC as follows:

132.    Patchin denies ¶ 132.

133.    Patchin denies ¶ 133.

134.    Patchin denies ¶ 134.

135.    Patchin denies ¶ 135.

136.    Patchin denies ¶ 136.

137.    Patchin denies ¶ 137.

138.    Patchin denies ¶ 138.

139.    Patchin denies ¶ 139.

140.    Patchin denies ¶ 140.

141.    Patchin denies ¶ 141.

142.    Patchin denies ¶ 142.

143.    The allegations in ¶ 143 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

144.    The allegations in ¶ 144 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

145.    The allegations in ¶ 145 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

146.    Patchin denies ¶ 146.

147.    Patchin denies ¶ 147.

148.    Patchin denies ¶ 148.

149.    Patchin denies ¶ 149.

150.    Patchin denies ¶ 150.

151.    Patchin denies ¶ 151.

152.    Patchin denies ¶ 152.

///

///

## CLAIM TWO – JUDICIAL DECEPTION

**(Under 42 U.S.C. § 1983, Defendants Patchin, Del Fiacco, and Davisson are liable for violating Plaintiffs' right to Due Process under the Fourth and Fourteenth Amendments for making misrepresentations and/or omissions to the court which were deliberate falsehoods and/or which demonstrated a reckless disregard to the truth.)**

153.    Patchin incorporates by reference all admissions, denials, objections or affirmative allegations of the preceding paragraphs, and further answers the plaintiffs' SAC as follows:

154.    The allegations in ¶ 154 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

155.    The allegations in ¶ 155 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

156.    The allegations in ¶ 156 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

157.    The allegations in ¶ 157 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

158.    The allegations in ¶ 158 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of Patchin, she denies the allegations.

159.    Patchin denies ¶ 159.

160.    Patchin denies ¶ 160(a, b, c, d, e, f, g, h, i, j, k).

161.    Patchin denies ¶ 161.

162.    Patchin denies ¶ 162.

163.    Patchin denies ¶ 163.

164.    Patchin denies ¶ 164.

165.    Patchin denies ¶ 165.

166.    Patchin denies ¶ 166.

## CLAIM THREE – FAILURE TO MAKE REASONABLE EFFORTS (n.1)

**(Under 42 U.S.C. § 1983, Defendants Patchin, Del Fiacco, and Davisson are liable for violating Plaintiffs L.J.'s, K.J.'s, K.A.J's, and J.A.J's right to Due Process under the Fourth and Fourteenth Amendment for failing to make reasonable efforts to preserve the family relationship.)**

167.    This allegation was dismissed; therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 167 of the SAC.

168.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 168 of the SAC.

169.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 169 of the SAC.

170.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 170 of the SAC.

171.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 171 of the SAC.

13

172.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 172 of the SAC.

173.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 173 of the SAC.

174.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 174 of the SAC.

175.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 175 of the SAC.

176.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 176 of the SAC.

177.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 177 of the SAC.

178.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 178 of the SAC.

179.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 179 of the SAC.

## CLAIM FOUR – MEDICAL DECISIONS (n. 1)

**(Under 42 U.S.C. § 1983, Defendants Patchin, Del Fiacco, and Davisson are liable for violating Plaintiffs Bianca's and Jiaro's right to Due Process under the Fourteenth Amendment to the U.S. Constitution to make medical decisions for K.J., J.M.J., K.A.J., and J.A.J.)**

180.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 180 of the SAC.

181.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 181 of the SAC.

182.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 182 of the SAC.

183.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 183 of the SAC.

184.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 184 of the SAC.

185.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 185 of the SAC.

186.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 186 of the SAC.

187.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 187 of the SAC.

188.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 188 of the SAC.

## **CLAIM FOUR – MEDICAL TREATMENTS (n. 1)**

**(Under 42 U.S.C. § 1983, Defendants Patchin, Del Fiacco, and Davisson are liable for violating Plaintiffs Bianca's and Jiaro's right to Due Process under the Fourteenth Amendment to the U.S. Constitution to be with K.J., J.M.J., K.A.J., and J.A.J. during medical treatment.)**

189.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 189 of the SAC.

190.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 190 of the SAC.

191. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 191 of the SAC.

192. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 192 of the SAC.

193. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 193 of the SAC.

194. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 194 of the SAC.

## CLAIM SIX – NEGLIGENCE PER SE (n. 1)

**(Defendants Patchin, Del Fiacco, Davisson, Faust, and McKay are liable for violating A.R.S. §§ 8-451, 80453, and/or 8-456)**

195. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 195 of the SAC.

196. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 196 of the SAC.

197.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 197 of the SAC.

**FAUST AND MCKAY'S VIOLATION S OF A.R.S. § 8-451 AND § 8-453**

198.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 198 of the SAC.

199.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 199 of the SAC.

200.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 200 of the SAC.

201.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 201 of the SAC.

202.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 202 of the SAC.

203.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are

1  intended to allege any form of liability or wrongdoing on the part of Patchin, she denies

2  the allegations in ¶ 203 of the SAC.

3  **PATCHIN'S, DEL FIACCO'S, AND DAVISSON'S VIOLATIONS OF A.R.S. § 8-**

4  **456(A).**

5      204.    This allegation was dismissed (n. 1); therefore, no response from Patchin

6  is necessary. To the extent a response is required, or to the extent the allegations are

7  intended to allege any form of liability or wrongdoing on the part of Patchin, she denies

8  the allegations in ¶ 204 of the SAC.

9      205.    This allegation was dismissed (n. 1); therefore, no response from Patchin

10 is necessary. To the extent a response is required, or to the extent the allegations are

11 intended to allege any form of liability or wrongdoing on the part of Patchin, she denies

12 the allegations in ¶ 205 of the SAC.

13     206.    This allegation was dismissed (n. 1); therefore, no response from Patchin

14 is necessary. To the extent a response is required, or to the extent the allegations are

15 intended to allege any form of liability or wrongdoing on the part of Patchin, she denies

16 the allegations in ¶ 206 of the SAC.

17     207.    This allegation was dismissed (n. 1); therefore, no response from Patchin

18 is necessary. To the extent a response is required, or to the extent the allegations are

19 intended to allege any form of liability or wrongdoing on the part of Patchin, she denies

20 the allegations in ¶ 207 of the SAC.

21     208.    This allegation was dismissed (n. 1); therefore, no response from Patchin

22 is necessary. To the extent a response is required, or to the extent the allegations are

23 intended to allege any form of liability or wrongdoing on the part of Patchin, she denies

24 the allegations in ¶ 208 of the SAC.

25     209.    This allegation was dismissed (n. 1); therefore, no response from Patchin

26 is necessary. To the extent a response is required, or to the extent the allegations are

27 intended to allege any form of liability or wrongdoing on the part of Patchin, she denies

28 the allegations in ¶ 209 of the SAC.

210.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 210 of the SAC.

211.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 211 of the SAC.

212.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 212 of the SAC.

213.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 213 of the SAC.

214.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 214 of the SAC.

215.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 215 of the SAC.

216.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 216 of the SAC.

217. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 217 of the SAC.

## CLAIM SEVEN – ABUSE OF PROCESS (n. 1)

**(Defendants Patchin, Del Fiacco, and Davisson are liable to Plaintiffs for Abuse of Process)**

218. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 218 of the SAC.

219. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 219 of the SAC.

220. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 220 of the SAC.

221. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 221 of the SAC.

222. This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 222 of the SAC.

223.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 223 of the SAC.

224.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 224 of the SAC.

225.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 225 of the SAC.

226.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 226 of the SAC.

227.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 227 of the SAC.

228.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 228 of the SAC.

229.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 229 of the SAC.

230.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 230 of the SAC.

231.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 231 of the SAC.

## CLAIM EIGHT – GROSS NEGLIGENCE/LEGAL RIGHTS

**(Under established Arizona law, Defendants Patchin, Del Fiacco, and Davisson, Faust and McKay are liable for exercising Gross Negligence in carrying out their duty to protect the legal rights of children and families.)**

232.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 232 of the SAC.

233.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 233 of the SAC.

234.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 234 of the SAC.

235.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 235 of the SAC.

236.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 236 of the SAC.

237.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 237 of the SAC.

238.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 238 of the SAC.

239.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 239 of the SAC.

240.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 240 of the SAC.

## <u>CLAIM NINE – GROSS NEGLIGENCE/REASONABLE EFFORTS (n. 1)</u>

**(Under established Arizona law, Defendants Patchin, Del Fiacco, and Davisson, Faust and McKay are liable for exercising Gross Negligence in carrying out their duty to make reasonable and/or diligent efforts to preserve the family relationship.)**

241.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 241 of the SAC.

242.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 242 of the SAC.

243.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 243 of the SAC.

244.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 244 of the SAC.

245.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 245 of the SAC.

246.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 246 of the SAC.

247.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 247 of the SAC.

248.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 248 of the SAC.

**CLAIM TEN – GROSS NEGLIGENCE EXERCISED BY DCS EMPLOYEES (n. 1)**

**(Under established Arizona law, Defendants Faust and McKay are liable to Plaintiffs for Gross Negligence exercised by Defendant employees of DCS in carrying out their duties.)**

249.   This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 249 of the SAC.

250.   This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 250 of the SAC.

251.   This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 251 of the SAC.

252.   This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 252 of the SAC.

253.   This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 253 of the SAC.

254.   This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 254 of the SAC.

255.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 255 of the SAC.

256.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 256 of the SAC.

257.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 257 of the SAC.

## **<u>CLAIM TWELVE – IIED (n. 1)</u>**

**(Under established Arizona law, Defendants Patchin, Del Fiacco, Davisson, Faust, and McKay are liable to Plaintiffs L.J., K.J., K.A.J., and J.A.J. for Intentional Infliction of Emotional Distress ("IIED")**

258.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 258 of the SAC.

259.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 259 of the SAC.

260.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 260 of the SAC.

261.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 261 of the SAC.

262.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 262 of the SAC.

263.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 263 of the SAC.

264.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 264 of the SAC.

265.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 265 of the SAC.

266.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 266 of the SAC.

267.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 267 of the SAC.

268.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 287 of the SAC.

## CLAIM THIRTEEN – NEGLIGENT SUPERVISON, TRAINING AND RETENTION (n. 1)

**(Under established Arizona law, Defendants State, Davisson, Faust, and McKay are liable to Plaintiffs for Negligent Supervision, Negligent Training and Negligent Retention)**

269.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 269 of the SAC.

270.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 270 of the SAC.

271.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 271 of the SAC.

272.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 272 of the SAC.

273.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 273 of the SAC.

274.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 274 of the SAC.

275.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 275 of the SAC.

276.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 276 of the SAC.

277.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 277 of the SAC.

278.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 278 of the SAC.

279.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 279 of the SAC.

280.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 280 of the SAC.

281.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 281 of the SAC.

282.    This allegation was dismissed (n. 1); therefore, no response from Patchin is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of Patchin, she denies the allegations in ¶ 282 of the SAC.

## **GENERAL DENIAL**

Patchin denies each and every allegation of the SAC that is not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

For its separate and additional affirmative defenses, Patchin, without conceding that she bears the burden of proof or persuasion as to any of them, alleges as follows:

1.    Plaintiffs' claims are barred by principles of absolute immunity.

2.    Plaintiffs' claims are barred by principles of qualified immunity.

3.    Plaintiffs' claims are barred by the immunities otherwise provided by A.R.S. §§ 12-820.01, -820.02, -820.04,-820.05, and 12-821.01.

4.    Plaintiffs fail to state claims upon which relief can be granted.

5.    Plaintiffs fail, as a matter of law, to allege sufficient affirmative and individual involvement of each of Patchin.

6.    At all times pertinent to this action, Patchin acted in good faith and in the belief that their actions were in accordance with the Constitution and law of the United State of America.

7.    Plaintiffs' claims are subject to principles of party and non-party comparative fault pursuant to A.R.S. §§ 12-2505 through -2506.

8.    Plaintiffs' claims are barred by the lack of duty.

9.    Plaintiffs' claims are barred by the lack of actual and proximate cause.

10.    The doctrine of respondeat superior liability does not apply in a civil rights action.

11.    Plaintiffs fail to state a claim for supervisory liability.

12.    If Plaintiffs suffered damages, which Patchin dispute, such damages resulted from the actions of others or from Plaintiffs' own conduct, for which Patchin is not responsible.

13.    Plaintiffs are barred from any recovery in this action and estopped from seeking the requested relief and recovery by their own acts, omissions, and course of conduct based on issue and/or claim preclusion.

14.    Plaintiffs fail to state a claim for actual, compensatory, special, or punitive damages, or prejudgment interest.

15.    Plaintiffs have failed to mitigate damages, if any.

16.    Plaintiffs waived any and all rights she had against Patchin by their own acts, omission, and course of conduct.

17.    Discovery may reveal additional supplemental answers to the SAC that would support additional affirmative defenses available to, but currently unknown by Patchin, which may include defenses set forth in Arizona Rules of Civil Procedure 8 and 12. Patchin hereby reserves its right to amend its answer and assert those defenses and any other matter constituting an avoidance or affirmative defense.

**DEMAND FOR JURY TRIAL**

Patchin hereby demands a jury trial on all triable issues herein.

WHEREFORE; Patchin, having fully answered Plaintiffs' SAC, demands judgment as follows:

1.    That Plaintiffs' SAC against Patchin be dismissed with prejudice and that Plaintiffs take nothing thereon;

2.    That Patchin be awarded its costs pursuant to A.R.S. § 12-341, and as otherwise provided by law;

3.     For interest on all amounts awarded at the highest legal rate from the date of judgment until paid in full; and

For such other and further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED this 13th day of December, 2024.

Arizona Attorney General's Office

/s/ Julie M. Rhodes
Julie M. Rhodes
Michael R. Niederbaumer
Assistant Attorneys General
*Attorneys for Patchin*

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this 13th day of December, 2024:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
docket@millsandwoods.com
*Attorneys for Plaintiffs*

DeeAn Gillespie Strub
Jenny D. Jansch
GILLESPIE, SHIELDS & TAYLOR
7319 North 16th Street
Phoenix, Arizona 85020
mailroom@gillaw.com
*Attorneys for Plaintiffs*

/s/ slf
LMS22-0354 | G202221043-1 |