Julie M. Rhodes (016313)
Michael R. Niederbaumer (031931)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612 – JR
Telephone: (602) 542-8346 – MN
Fax: (602) 542-3393
DefensePhx@azag.gov
Julie.Rhodes@azag.gov
Michael.Niederbaumer@azag.gov

*Attorneys for Patchin*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bianca Jimenez-Bencebi, an individual; Jiaro Abrego Zavaleta, an individual; L.J, a minor, through his parent and guardian, Bianca Jimenez-Bencebi; K.J., a minor, through his parent and guardian, Bianca Jimenez-Bencebi; K.A.J, a minor, through her parent and guardian Bianca Jimenez-Bencebi; and J.A.J., a minor, through his parent and guardian Bianca Jimenez-Bencebi, <br><br> Plaintiffs, <br><br> vs. <br><br> State of Arizona, a government entity; Carin Patchin, individually and as an employee with the State of Arizona Department of Child Safety; Tracey Del Fiacco, individually and as an employee with the State of Arizona Department of Child Safety; Amanda Davisson, individually and an employee with the State of Arizona Department of Child Safety; Michael Faust, as Director, Arizona Department of Child Safety; and Gregory McKay, as Former Director, Arizona Department of Child Safety, <br><br> Defendants. | Case No: CV-23-02075-PHX-DWL <br><br> **JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Defendant Carin Patchin and the Plaintiffs (the "Parties"), by and through undersigned counsel, stipulate to and jointly move for a protective order pursuant to Rule 26(c), Fed. R. Civ. P., allowing the limited release of specific confidential records of the Department of Child Safety ("DCS"), Arizona Health Care Cost Containment System (AHCCCS) and Regional Behavioral Health Authorities (RBHAs), medical and behavioral providers, Juvenile Dependency Records including Court transcripts in a redacted form pertaining to Plaintiffs Bianca Jimenez-Bencebi, Jiaro Abrego Zavaleta, and their minor children, L.J., K.J., J.M.J., K.A.J., and J.A.J.

### A. The Parties Cannot Exchange DCS And DES Records Because They Are Confidential Under A.R.S. §§ 8-807, 8-502, and 41-1959.

The parties need to exchange documents and other information that is confidential in nature and may be protected by statutes including, but not limited to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 C.F.R. § 2.64, 45 C.F.R. §§ 164.502 and 164.512, and A.R.S. §§ 8-807, 8-807.1, 8-502, 12-2235, 12-2292, 12-2294, 36-568.01, 41-195942, and U.S.C.A. § 5106a(b)(2)(B).Juvenile and dependency court records are confidential and not subject to public inspection, except as otherwise provided by law. A.R.S. § 8-208(F) and (G). The records are also protected by statutes including, but not limited to, 42 C.F.R. §§ 164.502 and 164.512, A.R.S. §§ 12-2235, 12-2292, 12-2294, 36-568.01, and 41-1959. A Protective Order is needed to allow the parties to release certain records, confidential files, and information of DCS, qualified vendors, subcontractors, and providers who have confidential information and who may have provided services to Bianca Jimenez-Bencebi, Jiaro Abrego Zavaleta, and their minor children, L.J., K.J., J.M.J., K.A.J., and J.A.J., or who have health care records or other information in their possession pertaining to the same parties. These records, including electronically stored information ("ESI"), files, and documents, along with the information they contain may be protected and confidential under various federal and state statutes, regulations, and common law. The release of the files, records and information is for the limited purpose of their use in this litigation ("the action").

1    While a person who is the subject of DCS records is entitled to receive those
2 specific DCS records about himself or herself, *see* A.R.S. § 8-807(e), he or she "may not
3 waive the confidentiality of DCS information concerning any other person," A.R.S. § 8-
4 807. A person who receives DCS information must maintain the confidentiality of the
5 information and shall not further disclose it unless the disclosure is authorized by law or
6 a court order. A.R.S. § 8-807(U). Wrongful disclosure of DCS records is a criminal
7 offense classified as a misdemeanor. A.R.S. § 8-807(X). Irrespective of these provisions,
8 before it releases its records, DCS must protect the identity and safety of a person who
9 reports child abuse or neglect. A.R.S. § 8-807(L). Finally, A.R.S. § 8-807(P) states that
10 if DCS receives information that is confidential by law, it "shall maintain the
11 confidentiality of information as prescribed in the applicable law." DCS cannot release
12 records related to any of the parties to Counsel for any of the parties without a court
13 order.

**B.    The Parties Agree That Disclosure For This Lawsuit May Be Appropriate.**

16    Plaintiffs' counsel seeks disclosure of the above-referenced DCS, AHCCCS,
17 RBHAs Records regarding Bianca Jimenez-Bencebi, Jiaro Abrego Zavaleta, and their
18 minor children, L.J., K.J., J.M.J., K.A.J., and J.A.J., to pursue their clients' case.
19 Similarly, Defendant Patchin might require the ability to refer to those records for her
20 defense. Information contained in the described records may be relevant to the Parties,
21 potential witnesses, and factual issues in dispute, and it may reasonably lead to
22 discovery of other relevant information. The Parties to the action might be prejudiced if
23 the described records and information are not released to assist them in preparing their
24 defense or the prosecution of claims involved in this matter.

25    Based on the foregoing, the Parties agree that disclosure of the above-referenced
26 records might be necessary to this litigation, and they enter the following stipulation in
27 order to allow the limited release of the above-referenced DCS, AHCCCS, RBHAs and

Juvenile Dependency Records (including Court transcripts) and information subject to the control and limitations of a protective order:

   1. The Parties agree that the proposed protective order authorizes attorneys for the Parties to disclose and produce to attorneys for the other Parties in this case copies of the DCS, AHCCCS, RBHAs and Juvenile Dependency Records (including Court transcripts) and information regarding Bianca Jimenez-Bencebi, Jiaro Abrego Zavaleta, and their minor children, L.J., K.J., J.M.J., K.A.J., and J.A.J., that are in their possession or control. These records may be disclosed and produced in a substantially un-redacted form that includes names and other personally identifiable information of individuals who may have relevant information about issues in dispute in this case. However, it does not include social security numbers and similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful in preparing for litigation.

   2. The Parties agree that the proposed protective order authorizes attorneys for the Parties to disclose and produce to attorneys for the other Parties in this case copies of personnel files that are in their possession or control. These records may be disclosed and produced in a substantially un-redacted form that includes names and other personally identifiable information of individuals who may have relevant information about issues in dispute in this case. However, it does not include social security numbers and similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful in preparing for litigation.

   3. The Parties agree that the proposed protective order authorizes attorney for the Parties to disclose and produce to attorneys for the other Parties in this case copies of foster care licensing agencies' records regarding the specific placement at issue that are in the Parties' respective possession or control. These records may be disclosed and produced in a

substantially un-redacted form that includes names and other personally identifiable information of individuals who may have relevant information about issues in dispute in this case. However, it does not include social security numbers and similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful in preparing for litigation.

4. The Parties agree that everyone to whom the information is released will limit its use strictly to what is necessary to prepare or resolve this specific case. The Parties and their attorneys shall share it only with experts and support staff, testifying witnesses, claims adjusters, and managers, who require the information to perform their specific function in this case. The Parties are authorized to disclose copies of medical and behavioral treatment records concerning Bianca Jimenez-Bencebi, Jiaro Abrego Zavaleta, and their minor children, L.J., K.J., J.M.J., K.A.J., and J.A.J., in their possession or control after redaction of social security numbers, dates of birth, personal addresses, and other similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful to preparing for litigation.

5. The Parties agree that they are not required to file under seal any documents disclosed by any Party to this litigation; however, the Plaintiffs may designate specific documents as confidential within 90 days of the disclosure of the document(s) by any Party, or within 10 days of the use of the document(s) by any Party at any depositon conducted in this matter. Upon the Plaintiffs' designation of the document(s) as confidential, the Plaintiffs shall notify all Parties in writing of the confidential designation of the specific document(s) by name of the document and by reference to the corresponding Bates number for those documents. Upon receipt of the Plaintiffs' designation of confidentiality, the Parties agree that those

documents designated as confidential will not be filed in the public record without first seeking leave of the Court to file the confidential documents under seal pursuant to L.R. Civ. P. 5.6.

Any risk that may result from releasing these records and information for the limited purpose of this litigation is minimized by this affirmative agreement, and the signed acknowledgement of everyone receiving the described records and information, in the form attached hereto as Exhibit A, that the information contained in them is of a sensitive, personal and confidential nature and they will protect it accordingly. For these reasons and on these grounds, the Parties respectfully request this Court enter an order authorizing the release of the DCS, AHCCCS, RBHAs and Juvenile Dependency Records (including Court transcripts) and information pertaining to Plaintiffs Bianca Jimenez-Bencebi, Jiaro Abrego Zavaleta, and their minor children, L.J., K.J., J.M.J., K.A.J., and J.A.J. The foregoing does not prohibit any Party from complying with lawful orders issued by courts of competent jurisdiction and complying with applicable laws including A.R.S. § 39-121, *et seq.*

DATED this 12th day of February, 2025.

**Arizona Attorney General's Office**

*/s/Julie M. Rhodes*
Julie M. Rhodes
Michael R. Niederbaumer
Assistant Attorneys General
*Attorneys for Patchin*

**MILLS + WOODS LAW PLLC**

*/s/ Thomas Connelly (with permission)*
Thomas A. Connelly
Robert T. Mills
Sean A. Woods
Atorneys for Plaintiffs

**GILLESPIE, SHIELDS & TAYLOR**

*/s/ DeeAn Gillespie Strub (with permission)*
DeeAn Gillespie Strub
Jenny D. Jansch
Attorneys for Plaintiffs

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this 12th day of February, 2025:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
docket@millsandwoods.com
*Attorneys for Plaintiffs*

DeeAn Gillespie Strub
Jenny D. Jansch
GILLESPIE, SHIELDS & TAYLOR
7319 North 16th Street
Phoenix, Arizona 85020
mailroom@gillaw.com
*Attorneys for Plaintiffs*

*/s/slf*