IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bianca Jimenez-Bencebi, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>State of Arizona, *et al.*,<br><br>Defendants. | Case No.: CV-23-2075-PHX-DWL<br><br>**CASE MANAGEMENT ORDER** |

The Court enters the following Case Management Order to govern the litigation in this case:

1.  <u>Initial Disclosures</u>. The deadline for making the initial disclosures required by Federal Rules of Civil Procedure 26(a)(1) is **30 days** from the date of this Order.

2.  <u>Deadline for Joinder, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **180 days** from the date of this Order.

3.  <u>Federal Rule of Evidence 502(d) Non-Waiver Order</u>. The Cort orders that a communication or information covered by the attorney-client privilege or work-product protection that is disclosed in connection with the litigation pending before the Court does not waive the privilege or protection in this or any other federal or state proceeding. This provision does not require any party agreement, and it avoids the need to litigate whether an inadvertent production was reasonable. By reducing the risk of waiver, this Order

affords parties the opportunity to reduce the cost of discovery by reducing preproduction privilege review.

4. <u>Discovery Limitations</u>. Deposition shall be limited to seven hours each, as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. A party may serve on any other party up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of discovery deadlines set forth in this Order.

5. <u>Fact Discovery</u>. The deadline for completion of fact discovery, including discovery by subpoena and all disclosure required under Rule 26(a)(3), shall be March 31, 2026. To ensure compliance with this deadline, the following rules apply:

    a. Depositions: All depositions shall be scheduled to start at least five working days before the discovery deadline. A deposition started five days before the deadline may continue up until the deadline, if necessary.

    b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the fact discovery deadline.

    c. Notwithstanding Local Rule of Civil Procedure 7.3, the parties may mutually agree in writing, without Court approval, to extend the time for providing discovery in response to requests under Rule 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the deadlines set forth in the Order.

    d. Notwithstanding any provisions of the Federal Rules of Civil Procedure, non-party witnesses shall not be permitted to attend (either physically, electronically, or otherwise) the deposition of any other witness in this case without an order of this Court to the contrary.

6. <u>Expert Disclosures, Expert Discovery, and Motions Challenging Expert Testimony</u>.

a. The party with the burden of proof on an issue shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than <u>November 21, 2025</u>.

b. The responding party (not having the burden of proof on this issue) shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than <u>December 22, 2025</u>.

c. The party with the burden of proof on the issue shall make its rebuttal expert disclosures, if any, no later than <u>January 23, 2026</u>. Rebuttal experts shall be limited to responding to opinions stated by the opposing party's experts.

d. No deposition of any expert witnesses shall occur before the aforementioned disclosures concerning expert witnesses are made.

e. Expert depositions shall be completed no later than <u>March 31, 2026</u>. All expert depositions shall be commenced at least five working days before this deadline.

f. Disclosures under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert report under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

---

[1] In *Goodman v. Staples, the Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. Thus, for opinions formed outside the course of treatment, Rule

g. As stated in the Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure (1993 amendment), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above. Absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

h. Each side shall be limited to one retained or specifically employed expert witness per issue.

i. An untimely-disclosed expert will not be permitted to testify unless the party offering the witness demonstrates that (a) the necessity of the expert witness could not have been reasonably anticipated at the time of the disclosure deadline, (b) the opposing counsel or unrepresented parties were promptly notified upon discovery of the expert witness, and (c) the expert witness was promptly proffered for deposition. *See Wong v. Regents of Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005).

j. Any motions challenging expert testimony must be filed no later than 28 days after the deadline for close of expert discovery.

k. Rule 35 physical or mental examinations will be noticed by N/A.

7. Discovery Disputes.

a. The parties shall not file written discovery motions without leave of the Court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to

---

26(a)(2)B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

4

exceed three pages per side,[2] explaining the position taken by each party, and (2) a joint written certification that counsel for the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the written submission, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing order by the Court shall also comply with Local Rule of Civil Procedure Rule 7.2(j).

      b.    If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

      c.    Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

    8.    <u>Dispositive Motions</u>.

      a.    Dispositive motions shall be filed no later than <u>July 17, 2026</u>.

      b.    No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of the Corut.

      c.    Local Rule of Civil Procedure 56.1 is suspended, except for subsection (d). The Court will decide summary judgment motions under Federal Rule of Civil Procedure 56 only. In other words, the parties may not file separate statements of facts or separate controverting statements of facts, and instead must include all facts in the

---

[2] The discovery dispute summary shall adhere to the formatting requirements of LRCiv. 7.1(b)(1). Discovery dispute filings that do not conform to the procedures outlined in this paragraph, including the page limitation, may be summarily stricken.

5

motion, response, or reply itself. All evidence to support a motion or response that is not already part of the record must be attached to the briefs. The evidence may include only relevant excerpts rather than full documents. The only evidence that may be attached to a reply is evidence intended to rebut arguments raised for the first time in the non-movant's response. Because no separate controverting statement of facts will be permitted, the responding party must carefully address all material facts raised in the motion. Likewise, the reply must carefully address all material facts raised in the response. Any fact that is ignored may be deemed uncontested. Procedurally, immediately following the motion should be a <u>numerical</u> table of contents for the exhibits. The table of contents shall include only a title for each exhibit, not a description. Following the table of contents should be each exhibit (unless the document is already part of the record), <u>numbered</u> individually. Immediately following the response to the motion should be an <u>alphabetical</u> table of contents (again, the table of contents shall include only a title for each exhibit, not a description). Following the table of contents should be each exhibit (unless the document is already part of the record), labeled <u>alphabetically</u>. By way of example, citations to exhibits attached to the motion would be "(Ex. 1 at 7)" and citations to exhibits attached to the response would be "(Ex. D. at 3)." Citations to documents that are already part of the record shall reference the docket number where the document can be found and include a pin cite to the relevant page – for example, "(Doc. 15 at 4)."

   d. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court may decline the request and decide the motion without holding oral argument. If the request is granted, the Court will issue a minute entry informing the parties of the argument date and time.

  9. <u>Motions for Attorneys' Fees</u>.  All motions for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing an itemized statement of legal services with all

6

information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion. A party opposing a motion for attorneys' fees shall email to the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable to Court to efficiently review the objections. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

10. <u>Tentative Rulings</u>. Before holding oral argument, the Court sometimes issues a "tentative ruling" – a working draft of the order resolving the pending motion(s) – to all the parties to focus their argument on the issues that seem salient to the Court and to maximize their ability to address any perceived errors in the Court's logic. If a tentative ruling issues, it is not an invitation to submit additional evidence or briefing. If the parties choose not to proceed with oral argument after reviewing the tentative ruling, the parties may stipulate to issuance of an order substantively identical to the tentative ruling.[3]

11. <u>Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than April 30, 2026. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in

---

[3] The Court might make stylistic changes before finalizing the order. If the tentative ruling contains any factual error, the parties may note the error in the stipulation to allow for correction.

seeking settlement of the case. The Court will set a settlement conference before a magistrate judge upon request of all parties. The parties are reminded that they are encouraged to discuss settlement at all times during pendency of the litigation, but the Court will not extend the case management deadlines if and when the parties elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly. The parties shall promptly notify the Court if settlement is reached.

12. <u>The Deadlines are Real</u>.  The Court intends to enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly.

13. <u>Briefing Requirements</u>

   a. All memorandum filed with the Court shall comply with Local Rule of Civil Procedure 7.1(B) requiring 13-point font in text and footnotes.

   b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

   c. To ensure timely case processing, a party moving for an extension of time, enlargement of page limitations, leave to amend, or leave to file a document under seal shall indicate in the motion whether the non-movant opposes the request and intends to file a written response.  If such a motion does not so indicate, it may be denied for failure to comply with this Order.

14. <u>Deadline for Notice of Readiness for Final Pretrial Conference</u>. The Plaintiff(s) shall notify the Court that the parties are ready for scheduling a Final Pretrial Conference pursuant to Rule 16(c) of the Federal Rules of Civil Procedure.  The Plaintiff(s) shall file and serve this notice within seven days after the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff(s) shall file and serve such notice within seven days after the resolution of the dispositive motions. The Court will then issue an Oder Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form of the completion of the parties' joint proposed Final Pretrial Order, and (c) otherwise instructs the parties

8

concerning their duties in preparing for the Final Pretrial Conference. A firm trial date will be set at the Final Pretrial Conference.

15. <u>Dismissal for Failure to Meet Deadlines</u>. The parties are warned that failure to meet any deadlines in this Order or in the Federal or Local Rules of Civil Procedure without substantial justification may result in sanctions, including dismissal of the action or entry of default.

16. <u>Requirement for Paper Courtesy Copies</u>. A paper courtesy copy of dispositive motions and any responses or replies thereto shall be either postmarked and mailed to the Judge or hand-delivered to the Judge's mailbox located in the courthouse by the next business day after the electronic filing. Please do not attempt to deliver documents to the Judge's chambers. A copy of the face page of the Notice of Electronic Filing shall be appended to the last page of the courtesy copy. Courtesy copies of documents too large for stapling must be bound with a meal prong fastener at the top center of the document or submitted in three-ring binders.

DATED this _____ day of _____ 2025.