## APPLICATION AND DECLARATION FOR EX-PARTE REMOVAL OF CHILD
### Superior Court of Arizona for Maricopa County

REMOVAL REQUEST # RR2019-00726

COUNTY OF ORIGIN Maricopa

DCS CASE ID 599953

I, Brittany Woolgar, hereby affirm the following statement of facts:

1.  I am employed by the Arizona Department of Child Safety. By virtue of my education, training and experience I am qualified and authorized to conduct child abuse and neglect investigations. I am currently assigned to investigate the case involving the child named in this application and declaration for removal, or am that person's supervisor. I make this declaration in support of this application. Further, I have the following qualifications: 2016 Bachelors of Biology with an emphasis in Pre-Med from Grand Canyon University

    I have completed 200 hours of Department of Child Safety CORE training

2.  This application and declaration is in support of for ex-parte removal of the following children:

    | Child Name | DOB | Sex | ICWA Status |
    |---|---|---|---|
    | K.A.J. | 2019 | F | No |

3.  The mother(s) is/are:
    The mother of K.A.J. Bianca Jimenez

4.  The father(s) is/are:
    The father of K.A.J. Jairo Abrego-Zavaleta

5.  The legal guardian(s) is/are:
    The legal guardian of K.A.J. None or Unknown

ST-JIMENEZ-004053

**APPLICATION AND DECLARATION FOR EX-PARTE REMOVAL OF CHILD**
Superior Court of Arizona for Maricopa County

6. Probable cause exists to believe that temporary custody is clearly necessary to protect the child from suffering abuse or neglect, and it is contrary to the child's welfare to remain in the home under A.R.S. §8-821(A). Specifically, Bianca Jimenez ███ 1985) and Jairo Abrego-Zavaleta ███ 1989) are unable to perform essential parental responsibilities of child ███████ K.A.J. ████ 2019) due to the caregivers being unable or unwilling, and there are no other appropriate caretakers immediately available. On September 14, 2018, Ms. Jimenez had two other children ███ J.J. ███ 2017) and ███ K.J. ███████ 2016) removed from her care due to extreme malnourishment and neglect. The current case plan is severance and adoption. At the time of removal J.J. was severely malnourished, had a flat head, and had multiple marks on his body. Mother was attempting to place the baby up for adoption due to the baby, "being a product of rape," and financial instability. K.J. was also said to be malnourished and not well cared for. At the time Ms. Jimenez reports she was homeless, and attempting to afford a hotel, on her own, and was not able to get herself proper nutrition. Additionally Ms. Jimenez has a substantiated child physical abuse report from St. Joseph, Missouri. Ms. Jimenez no longer cares for that child and he is being cared for by his father.

On 3/7/2019 Ms. Jimenez reports that she does not understand why the Department Of Child Safety removed her children. She states she was homeless and trying to pay for a hotel and was only able to afford fast food. When asked why someone would say her children were malnourished Ms. Jimenez avoided the question and again stated she only could afford fast food. Father to K.A.J. Jairo Abrego, states he and Ms. Jimenez were living with his sister, name unknown, when she first became pregnant with K.A.J. Ms. Jimenez states the sister of Jairo wanted her kicked out of her home and got DCS involved. She states when she did move out, in June of 2018, she and Mr. Abrego were not together. She states he was not involved when her other children were removed and has no knowledge of that time. Mr. Abrego confirms that they were in a relationship prior to her children being removed, and has little information as to what happened. Mr. Abrego was brought up several times during the prior removal and at the time, Ms. Jimenez did not want to give his name or where they lived due to the home being unfit. Though Mr. Abrego did help care for her other two children at one point, he was not a party to the prior dependencies because he is not the biological father of either child.

At this time it is the family's plan to have Ms. Jimenez home watching the baby, while Mr. Abrego works during the day. Mr. Abrego states he works daily, except Wednesday, and he does not have anyone else in mind to help care for the baby. Due to the severity of Ms. Jimenez's prior dependency, the case plan being severance and adoption, and Ms. Jimenez not completing all services asked of her, DCS does not find her an appropriate caregiver. Mr. Jimenez is not able to protect K.A.J. while at work and has no plan to protect her while she is home with mother. The Department believes that Mr. Abrego has more knowledge about the abuse and neglect of Ms. Jimenez's other children than he would like The Department to believe.

K.A.J. ████████ days old) is extremely vulnerable based on her age and developmental state. K.A.J. is completely reliant on her caregivers to meet her basic needs, and provide protection and care. There is no responsible adult immediately available to care for K.A.J. and Ms. Jimenez and Mr. Abrego have been unable to provide one. Therefore a least intrusive plan is not feasible at this time.

ST-JIMENEZ-004054

## APPLICATION AND DECLARATION FOR EX-PARTE REMOVAL OF CHILD
### Superior Court of Arizona for Maricopa County

7.  I, Brittany Woolgar, declare under penalty of perjury that the information contained within this application and declaration is true and correct to the best of my knowledge and belief.

3/7/2019 5:46 PM

ST-JIMENEZ-004055

ORDER FOR EX-PARTE REMOVAL OF CHILD
Superior Court of Arizona for Maricopa County

REMOVAL REQUEST # RR2019-00726

COUNTY OF ORIGIN Maricopa

DCS CASE ID 599953

TO ANY DCS REPRESENTATIVE IN THE STATE OF ARIZONA

Proof by application and declaration having been made this date 03/07/2019 before me by Brittany Woolgar of the Department of Child Safety ("DCS"), and on the basis of the evidence presented in such application and declaration, and pursuant to A.R.S. §8-821(A), I find probable cause exists to believe that temporary custody is clearly necessary to protect the following child ██████ K.A.J. ████████ om suffering abuse or neglect. I further find, for the reasons indicated below and pursuant to A.R.S. §8-821 (A), that probable cause exists to believe that it is contrary to the child's welfare to remain in the home.

- ☑ Risk of abuse or neglect of child(ren)
- ☑ Current dependency with other children with case plan of severance and adoption.

Therefore, **IT IS ORDERED** granting DCS's request for authorization to remove ████ K.A.J. ████ and authorizing DCS to remove this child.

_____          3/7/2019 6:18 PM
Hon. Utiki Spurling Laing

ST-JIMENEZ-004056